J-S19012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN  BICKERT | : | |
| | : | |
| Appellant | : | No. 2957 EDA 2018 |

Appeal from the PCRA Order Entered September 7, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003702-2015

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                **FILED APRIL 24, 2019**

Justin Bickert appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.   Upon careful review, we affirm.

The PCRA court set forth the underlying facts of this matter as follows:

On October 25, 2014, at approximately 12:11 a.m., in the area of Fourth Street and Indiana Avenue, in Philadelphia, the decedent Alexander Ruiz, got into a heated argument with Tyrone "Ty" Moore over money owed to Ruiz.  The verbal confrontation was followed by a physical fight between the men.  Shortly thereafter, Justin Bickert pulled a .9 millimeter handgun from his waistband and started shooting in the direction of the fight.  Bickert shot Ruiz in his back.  Police and emergency personnel arrived at the scene and transported the victim to Temple University Hospital where he was pronounced dead at 12:27 a.m.  Thereafter, an autopsy was performed by Dr. Edwin Lieberman at the Medical Examiner's Office and he determined, to a reasonable degree of medical certainty, that the cause of death was a gunshot wound and the manner of death was homicide.   The gunshot wound Ruiz

_____
* Retired Senior Judge assigned to the Superior Court.

sustained to his back pierced his lungs and heart and caused his death. Fired cartridge casings were recovered from the scene of the crime. Officer Walker, [a] firearms examiner, identified cartridge casings and determined to a reasonable degree of scientific certainty that they were consistent with the kind of bullets from a .9 millimeter handgun.

PCRA Court Opinion, 11/7/18, at 2.

On October 31, 2016, Bickert entered a negotiated guilty plea to voluntary manslaughter and three firearms violations for which he was sentenced to twelve to twenty-four years' incarceration. *See* N.T. Guilty Plea, 10/31/16, at 56. Bickert did not file a post-sentence motion or a direct appeal. On December 21, 2017, Bickert filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on May 17, 2018. On July 20, 2018, the PCRA court issued a notice of the court's intention to dismiss the petition pursuant to Pa.R.Crim.P. 907. The PCRA court formally dismissed Bickert's petition as untimely on September 7, 2018.

On October 7, 2018, Bickert filed this appeal. Both the PCRA court and Bickert complied with Rule 1925. On appeal, Bickert presents the following question for our review:

> Did the PCRA [c]ourt err when it denied a hearing to [Bickert], who was seeking to withdraw his guilty plea and where ineffective assistance of counsel was the direct and proximate cause of [Bickert's] decision to enter his guilty plea, which was not entered in a knowing, intelligent and voluntary fashion?

Brief of Appellant, at 3 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported

- 2 -

by the evidence of record and it is free of legal error. ***Commonwealth v. Smallwood***, 155 A.3d 1054, 1059 (Pa. Super. 2017). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party." ***Commonwealth v. Clancy***, 192 A.3d 44, 63 (Pa. 2018) (citation omitted).

We begin by addressing the timeliness of Bickert's petition because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden of pleading and proving an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013). In relevant part, 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) provides:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that as recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Bickert's PCRA petition is facially untimely because it was filed more than one year after his judgment became final. A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa. Super. 2010). Here, Bickert did not seek review on direct appeal. Therefore, his judgment of sentence became final on November 30, 2016, thirty days after the trial court sentenced him. **See** Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). To be timely, Bickert had to

- 4 -

file his petition on or before November 30, 2017. Bickert did not file his petition until December 21, 2017, and, therefore, it is facially untimely. Unless Bickert has pled and proved one of the three timeliness exceptions under section 9545(b)(1), no court has jurisdiction to address the merits of his claims. *See Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007).

The statute is clear that where, as here, the petition is patently untimely, it is the petitioner's burden to plead in the petition and prove that one of the exceptions applies. *See* 42 Pa.C.S.A. § 9545(b)(1); *see also Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008). That burden "necessarily entails an acknowledgment by the petitioner that the PCRA petition under review is untimely, but that one or more of the exceptions apply." *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999). In his brief before this Court, Bickert does not acknowledge the untimeliness of his petition or offer how one or more of the exceptions apply.

Here, the PCRA court noted that Bickert filed his PCRA petition "one year and twenty-one days after his judgment of sentence became final," and was required to "plead and prove one of the time bar exceptions to invoke the court's jurisdiction, which he has failed to do." PCRA Court Opinion, 11/7/18, at 5. Bickert's failure to properly invoke an exception to the timeliness requirement necessitated the PCRA court's dismissal of his petition. Our review of the evidence of record supports the PCRA court's determination.

The nearest Bickert reaches in raising an exception to his untimeliness is set forth in a letter brief submitted with his amended petition to the PCRA court wherein he asserts the petition is not "late as it appears that [Bickert] had attempted to take other actions in order to seek relief." Letter Brief of Appellant, 5/17/18, at 2 (unpaginated). This is not a recognized statutory exception for untimeliness under the PCRA. Bickert fails to provide any cogent argument or cite to supporting authority in his brief that could establish this qualifies as an exception to the PCRA's timeliness requirements. *See Commonwealth v. Perez*, 93 A.3d 829, 838 (Pa. 2014) (finding claims failing to provide developed argument or cite supporting authorities and record are waived). Without developing any meaningful argument regarding which exception, if any, applies to his petition, Bickert has consequently failed to demonstrate that the PCRA court erred by denying his petition as untimely. *See Smallwood*, 155 A.3d at 1059.

We conclude, therefore, that the PCRA court properly found Bickert filed a patently untimely PCRA petition and failed to plead and prove the applicability of any exception to the PCRA's jurisdictional time limits. *Callahan*, *supra*. Accordingly, the PCRA court correctly dismissed Bickert's petition.[1]

---

[1] To the extent Bickert claims the PCRA court erred in dismissing his petition without a hearing, this claim is without merit. *See Commonwealth v. Morrison*, 878 A.2d 102 (Pa. Super. 2005) (holding petitioners are not

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/19

---

entitled to  hearing as  matter of right; court can decline to hold hearing if there is no genuine issue concerning any material fact and petitioner is not entitled to relief as matter of law).